**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50205 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-02426-GPC-1 |
| v. | |
| FRED NAVARETTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted January 9, 2024**
Pasadena, California

Before:  RAWLINSON, MELLOY,*** and H.A. THOMAS, Circuit Judges.

Fred Navarette (Navarette) pled guilty to one count of importation of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

methamphetamine in violation of 21 U.S.C. §§ 952 and 960. He now appeals his sentence of one hundred twenty-four months of imprisonment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"When reviewing sentencing decisions, we review the district court's identification of the relevant legal standard de novo, its factual findings for clear error, and its application of the legal standard to the facts for abuse of discretion...." *United States v. Vinge*, 85 F.4th 1285, 1288 (9th Cir. 2023) (citations omitted). "Plain error review, however, applies to unpreserved claims of procedural error." *United States v. Torres-Giles*, 80 F.4th 934, 938 (9th Cir. 2023) (citations omitted). "To establish plain error, a defendant must show (1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id.* (citation and internal quotation marks omitted).

Navarette asserts that the district court plainly erred in its calculation of the applicable sentencing guideline range after mistakenly applying a minor role reduction. When assessing whether an incorrect calculation "affects substantial rights," we consider whether the defendant has demonstrated "a reasonable probability that he would have received a different sentence if the district court had not erred." *United States v. Depue*, 912 F.3d 1227, 1234-35 (9th Cir. 2019) (en

2

banc) (citation and alteration omitted). If the record does not reflect that the correct calculation "would have generated a lower Guidelines range," there is no "reasonable probability of a different outcome." *Id*. at 1235 (citation omitted).

Navarette has not demonstrated that the district court's mistaken application of a minor role reduction affected his substantial rights or caused him prejudice. *See id*.; *see also United States v. Hamalek*, 5 F.4th 1081, 1091 (9th Cir. 2021). Navarette received a one hundred twenty-four-month sentence that was 1) substantially lower than the statutory maximum of two hundred forty months, 2) twenty months lower than the district court's original sentence of one hundred forty-four months without application of a minor role reduction, and 3) thirty-five months lower than the one hundred fifty-nine months at the low end of the range calculated after the mistaken application of a minor role reduction. Further, the record reflects that Navarette's counsel expressly affirmed the district court's mistaken belief that a minor role reduction had been applied at the initial sentencing hearing. Thus, the district court did not plainly err by imposing a sentence of one hundred twenty-four months after applying a minor role reduction. *See id*.; *see also Depue*, 912 F.3d at 1235.

**AFFIRMED.**

3